No. 23-5285

UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

CENTER FOR BIOLOGICAL DIVERSITY,
*Plaintiff-Appellant*,

v.

U.S. FISH AND WILDLIFE SERVICE, et al.,
*Defendants-Appellees.*

Appeal from the U.S. District Court for the District of Columbia
No. 1:21-cv-00791
Hon. Timothy J. Kelley

**JOINT MOTION TO AMEND THE BRIEFING SCHEDULE**

KRISTINE M. AKLAND
ERIC R. GLITZENSTEIN
Center for Biological Diversity
P.O. Box 7274
Missoula, MT 59807
(406) 544-9863
kakland@biologicaldiversity.org
eglitzenstien@biologicaldiversity.org

*Attorneys for Appellant*

TODD KIM
  *Assistant Attorney General*
CHRISTOPHER ANDERSON
  *Attorney*
Environment and Natural Resources Div.
U.S. Department of Justice
Post Office Box 7415
Washington, D.C. 20044
(202) 353-1834
christopher.anderson3@usdoj.gov

*Attorneys for Appellees*

## JOINT MOTION TO AMEND THE BRIEFING SCHEDULE

1. For the reasons set forth below, Plaintiff-Appellant Center for Biological Diversity ("the Center") and Defendants-Appellees U.S. Fish and Wildlife Service, Martha Williams, in her official capacity as Director of the Fish and Wildlife Service, and the Secretary of the Interior ("the Service") jointly move to alter the briefing schedule in the above-captioned case as follows:

| | |
|---|---|
| Appellant's Brief | July 31, 2024 |
| Appellees' Brief | September 27, 2024 |
| Appellant's Reply Brief | October 18, 2024 |
| Deferred Appendix | October 25, 2024 |
| Final Briefs | November 8, 2024 |

2. Modification of the briefing schedule as proposed will enable the Parties' briefs to reflect anticipated relevant Supreme Court decisions without the need for supplemental briefing. In this case, the Center seeks judicial review *inter alia* of the Service's interpretation of certain provisions in the Endangered Species Act, 16 U.S.C. §§ 1531–1544. In the decision under review, the district court applied the framework for judicial review of agencies' interpretation of statutes they administer set forth in *Chevron U.S.A., Inc. v. Natural Resources Defense Council*, 467 U.S. 837 (1984). The district court held that, for two of the provisions at issue, Congress had

not spoken directly to the precise question at issue. The court then moved to the second step of the *Chevron* framework and determined that the Service's interpretation was reasonable. The court therefore deferred to the Service's interpretation. *Ctr. for Biological Diversity v. U.S. Fish & Wildlife Serv.*, No. CV 21-791 (TJK), 2023 WL 6388936, at *15 (D.D.C. Sept. 30, 2023) (summarizing the court's holding). Whether the district court properly applied the *Chevron* framework is a central issue in this case.

3.   This term, the Supreme Court is considering *Loper Bright Enterprises v. Raimondo*, No. 22-451 (S. Ct.) and *Relentless, Inc. v. Department of Commerce*, No. 22-1219 (S. Ct.). A Question Presented in both cases is "[w]hether the Court should overrule *Chevron* or at least clarify that statutory silence concerning controversial powers expressly but narrowly granted elsewhere in the statute does not constitute an ambiguity requiring deference to the agency." It is widely expected that the Supreme Court's decisions in *Loper Bright* and *Relentless* will clarify the standard of review courts should apply when reviewing agencies' interpretation of the statutes they administer.

4.   Because the district court relied on the *Chevron* framework in the decision under review, the *Loper Bright* and *Relentless* decisions will likely be important to the proper resolution of this case. Yet under the

2

current briefing schedule, it is probable that the parties' briefs will be submitted before the Supreme Court issues its decisions. To provide this Court with the most helpful briefs possible, and to avoid the need for supplemental briefs, the Parties believe that it would be preferable to defer briefing until after *Loper Bright* and *Relentless* are decided.

5. The Supreme Court is expected to issue its decision by the end of June. If the Center's brief is due July 31, as proposed, it would give the Center at least 30 days to incorporate the *Loper Bright* and *Relentless* decisions into its brief.

6. The Service's answering brief would ordinarily be due 30 days later. Fed. R. App. P. 31(a)(1). The Service requires additional time, however, for two reasons.

7. First, substantial time is required for review and approval of the Service's brief by interested federal agencies, Department of Justice attorneys, and the Office of the Assistant Attorney General for the Environment and Natural Resources Division.

8. Second, lead counsel for the Service has previously scheduled leave from August 15 through September 3 and will be unable to work on the brief during that time. Extending the deadline for the Service's brief to

September 27 would allow for the orderly completion of the federal review and approval process while allowing time for the Service's counsel's leave.

## CONCLUSION

For the foregoing reasons, the Parties jointly ask that the Court amend the current briefing schedule to reflect the proposed schedule set forth in paragraph 1 above.


Respectfully submitted,

| | |
|---|---|
| /s *Kristine M. Akland* | /s *Christopher Anderson* |
| KRISTINE M. AKLAND<br>ERIC R. GLITZENSTEIN<br>Center for Biological Diversity<br>P.O. Box 7274<br>Missoula, MT 59807<br>(406) 544-9863<br>kakland@biologicaldiversity.org<br>eglitzenstien@biologicaldiversity.org | TODD KIM<br>  *Assistant Attorney General*<br>CHRISTOPHER ANDERSON<br>  *Attorney*<br>Environment and Natural Resources Div.<br>U.S. Department of Justice<br>Post Office Box 7415<br>Washington, D.C. 20044<br>(202) 353-1834<br>christopher.anderson3@usdoj.gov |
| *Attorneys for Appellant* | *Attorneys for Appellees* |
| March 20, 2024 | |
| 90-8-6-08461 | |

4

## CERTIFICATE OF COMPLIANCE

This document complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2) because it contains 661 words, excluding the parts exempted under Federal Rule of Appellate Procedure 32(f).

This document complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6), as required by Federal Rule of Appellate Procedure 27(d)(1)(E), because it has been prepared in a proportionally spaced typeface (14-point Georgia font) using Microsoft Word.

                                            s/ *Christopher Anderson*
                                            CHRISTOPHER ANDERSON

                                            Counsel for Appellees